UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| SHADOT, | Civil Action No. |
| Plaintiff, | 2:16-CV-01857-SDW-SCM |
| v. | **ON ORDER TO SHOW CAUSE FOR FAILURE TO COMPLY WITH COURT ORDERS** |
| GREENE, et al. | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

STEVEN C. MANNION, United States Magistrate Judge.

Before this Court is a *sua sponte* Order to Show Cause why this case should not be dismissed for Plaintiff Hassan Shadot's ("Mr. Shadot") failure to comply with this Court's orders.[1] The Honorable Susan D. Wigenton, United States District Judge, referred this motion to the undersigned for a report and recommendation.[2] Upon consideration of party submissions and for the reasons stated below, it is respectfully recommended that this case be **dismissed without prejudice**.

I. **BACKGROUND AND PROCEDURAL HISTORY**[3]

Mr. Shadot's complaint was filed on April 1, 2016.[4] After much correspondence between

---

[1] (ECF Docket Entry Nos. ("D.E.") 31).

[2] *See* L. Civ. R. 72.1(a)(2).

[3] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[4] (D.E. 1, Compl.)

the Court and Mr. Shadot regarding premature discovery-related requests, and motions for appointment of *pro bono* counsel, the Court issued a Pre-trial Scheduling Order on November 15, 2016, addressing proper protocol for the parties to follow during discovery.[5] The Pre-trial Scheduling Order mailed to Mr. Shadot was returned as undeliverable.[6] The Court issued an Order to Show Cause on January 11, 2017, addressing Mr. Shadot's failure to update his contact information, and ordering him to show good cause why his case should not be dismissed.[7] That Order was returned as undeliverable.[8]

On January 18, 2017, Mr. Shadot wrote to update his change in address.[9] A second Order To Show Cause was filed on February 17, 2017, stating in part that "unless [Mr. Shadot] files papers showing good cause why this case should not be dismissed by March 3, 2017, the District Court may dismiss this action without further notice."[10] The order required Mr. Shadot to both submit his papers by March 3, 2017, and to appear before the Court on March 22, 2017.[11] Mr. Shadot responded in a writing, on March 13, 2017.[12] His letter failed to sufficiently address good cause as to why the matter should not be dismissed, but stated that Mr. Shadot was under stress

---

[5] (D.E. 26, Scheduling Order).

[6] (D.E. 27).

[7] (D.E. 28, Order ¶ 1).

[8] (D.E. 30).

[9] (D.E. 29, Shadot Letter).

[10] (D.E. 31, 2nd Order ¶ 1).

[11] (D.E. 31, 2nd Order ¶¶ 1, 3).

[12] (D.E. 33, Shadot Letter).

searching for a job, housing, and daily living.[13] He did not appear on March 22, 2017 to prosecute this matter. Defense counsel was present.

By Order dated March 22, 2017, the Court directed that Mr. Shadot file papers explaining why he did not appear by April 10, 2017, and that he appear on April 24, 2017.[14] Mr. Shadot did not respond to the Court's Order. Nor did he appear as directed. Defense counsel appeared.

## II. LEGAL STANDARD AND ANALYSIS

Courts have the authority to dismiss an action for a party's failure comply with the court's orders.[15] Federal Rules of Civil Procedure 16(a) through (e) prescribe standards governing pretrial conferences, scheduling orders, and case management. Rule 16(f) authorizes sanctions for violations of the Court's standards. It provides, in relevant part, that "[o]n motion or on its own, the court may issue any just orders ... if a party or its attorney ... fails to obey a scheduling or other pretrial order."[16] This provision expressly incorporates the menu of sanctions available in Rule 37(b)(2)(A)(ii)-(vii), among others, for dismissal following a failure to comply with a discovery order.[17] Such possible sanctions include striking the disobedient party's pleadings in whole or in part.[18]

Before imposing a Rule 37 sanction that will effectively dispose of the case, the Court must

---

[13] (*Id.*).

[14] (D.E. 35, 3rd Order).

[15] Fed.R.Civ.P. 16(f)(1)(C); Fed.R.Civ.P. 41(b).

[16] Fed.R.Civ.P. 16(f)(1)(C).

[17] Fed. R. Civ. P. 16(f)(1).

[18] Fed. R. Civ. P. 37(b)(2)(A)(iii).

consider and weigh six factors as outlined by the Third Circuit in *Poulis v. State Farm Fire & Casualty Co.*[19] The *Poulis* analysis calls on the Court to consider:

> (1) [T]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party of the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[20]

These factors, however, need not be considered if the dismissal is without prejudice.[21]

Accordingly, we will not address those factors here, except to note that Mr. Shadot is responsible for his failure to comply with the Court's orders. All litigants must comply with court orders.[22] "When they flout that obligation, they, like all litigants, must suffer the consequences of their actions."[23] Mr. Shadot failed to appear before the Court on three occasions, and failed to submit papers showing good cause why his case should not be dismissed, despite numerous opportunities to do so.

### III. <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned respectfully recommends that Mr. Shadot's pleading be **dismissed without prejudice**. The parties have fourteen days to file and

---

[19] 747 F.2d 863 (3d Cir. 1984); *see also Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013) ("we have required a *Poulis* analysis when a district court imposes sanctions that are tantamount to default because they inevitably lead to liability for one party.").

[20] *See Poulis*, 747 F.2d at 868.

[21] *Choi v. Kim*, 258 Fed.Appx. 413, 417 at n.5 (3d Cir. 2007).

[22] *See Burns v. Glick*, 158 F.R.D. 354, 356 (E.D. Pa. 1994) (internal citations omitted).

[23] *Id*.

serve any objections to this Report and Recommendation.[24] "The District Court need not consider frivolous, conclusive, or general objections."[25]

The Clerk of the Court shall mail copies of this Report and Recommendation to the Mr. Shadot at the address set forth below.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

5/1/2017 4:24:39 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
    File


c (via U.S. Mail):

Mr. Hassan A. Shadot
12 Goodwin Ave.
Newark, NJ 07112

---

[24] 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

[25] *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir.1987).