**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| SHADOT,<br><br>              Plaintiff,<br>v.<br><br>GREENE, et al,<br><br>              Defendants. | Civil Action No.<br><br>2:16-cv-1857-SDW-SCM<br><br>**ON PLAINTIFF'S MOTION TO REOPEN THE CASE AND DEFENDANT'S MOTION TO DISMISS [D.E. 39, 40]** |

**REPORT AND RECOMMENDATION**

STEVEN C. MANNION, United States Magistrate Judge.

This matter comes before the Court on Plaintiff Hassan A. Shadot's ("Mr. Shadot") motion to reopen the case,[1] which the Court construes as a Rule 60(b) motion for relief from the District Court's Order dismissing the case.[2] After Mr. Shadot filed his motion, Defendants Charles Greene and Alfaro Ortiz filed a motion to dismiss.[3] As the case is currently closed, the court construes the Defendants' motion as their opposition to Mr. Shadot's motion. For the reasons that follow, it is respectfully recommended that Mr. Shadot's motion be **denied with prejudice**.

---

[1] (D.E. 39, Pl.'s Mot.).

[2] (D.E. 37, Order, May 17, 2017); Fed. R. Civ. P. 60(b); *see also Fonzone v. Tribune Corp.*, 608 F. App'x 76, 78 (3d Cir. 2015) (construing a motion to reopen as seeking relief under Rule 60(b)).

[3] (D.E. 40, Def.'s Br.).

I.   **BACKGROUND AND PROCEDURAL HISTORY**[4]

On May 17, 2017, the District Court adopted the previous Report and Recommendation, which advised that this case be dismissed for Mr. Shadot's failure to prosecute.[5] That failure to prosecute included multiple failures to show good cause in response to orders to show cause, as well as multiple failures to appear before the Court when directed to do so.[6] In the months since the dismissal, Mr. Shadot has made two filings – a letter in September and the present motion filed in December – which both seek to reopen the case.[7]

II.  **LEGAL STANDARD AND ANALYSIS**

The Court construes Mr. Shadot's motion to reopen the case as a Rule 60(b) motion for relief from the District Court's Order dismissing the case.[8] Rule 60(b) provides six grounds for relief from a final order.[9] The first five grounds are specific, while the sixth is the catchall ground giving the Court power to relieve a party from a final order for "any other reason that justifies relief."[10] The Third Circuit "has consistently held that the Rule 60(b)(6) ground for relief from

---

[4] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[5] (D.E. 37, Order, May 17, 2017); (*see generally* D.E. 36, Report and Recommendation, May 1, 2017).

[6] (*See generally* D.E. 36, Report and Recommendation, May 1, 2017).

[7] (D.E. 38, Pl.'s Ltr.); (D.E. 39, Pl.'s Mot.).

[8] *See supra* n. 2 and accompanying text.

[9] Fed. R. Civ. P. 60(b).

[10] Fed. R. Civ. P. 60(b)(6).

judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances."[11]

Neither Mr. Shadot's September letter, nor his present motion, provide a compelling argument for granting relief from the District Court's Order dismissing this case. The September letter consists of a single paragraph requesting that the case be reopened, and contains only a sentence of argument as to why it should be.[12] Mr. Shadot claims that his failure to prosecute was due to "confusion and miscommunication generated by the Court and myself."[13] But as the aforementioned Report and Recommendation demonstrates, Mr. Shadot's failure to prosecute was due to his own delay and confusion,[14] and nothing in his letter or motion persuades the Court otherwise. His motion attempts to provide a timeline of early 2017, presumably to try and justify his failure to prosecute, but the motion fails to explain, let alone justify, any of Mr. Shadot's dilatoriness.[15] The single paragraph of attempted explanation is hard to understand, and only further demonstrates that if Mr. Shadot's failure to prosecute stems from any confusion, that confusion is his own.[16]

---

[11] *Fonzone*, 608 F. App'x at 78–79 (citation and internal quotation marks omitted).

[12] (D.E. 38, Pl.'s Ltr.).

[13] *Id.*

[14] (*See generally* D.E. 36, Report and Recommendation, May 1, 2017).

[15] (D.E. 39, Pl.'s Mot.).

[16] *Id.*

Mr. Shadot's motion does not address - and therefore fails to persuade the Court to apply - any of the five specific grounds for relief provided in Rule 60(b). Furthermore, it does not show any exceptional circumstances that justify relief under the Rule(60)(b)(6) catchall clause.[17]

### III.   CONCLUSION

For the reasons articulated herein, the undersigned respectfully recommends that Mr. Shadot's motion be **denied with prejudice**.  The parties have fourteen days to file and serve any objections to this Report and Recommendation.[18] "The District Court need not consider frivolous, conclusive, or general objections."[19]

The Clerk of the Court shall mail a copy of this Report and Recommendation to Mr. Shadot at the address set forth below.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

1/17/2018 1:35:19 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
      File

c (via U.S. Mail):

---

[17] *Id.*

[18]  28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

[19] *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir.1987).

4

Mr. Hassan A. Shadot
12 Goodwin Ave.
Newark, NJ 07112